## ZEBULON CARY *versus* HARVEY BANCROFT.

A negotiable note was made to the plaintiff by the defendant, who held a note made by the plaintiff but had it not with him at the time, and it was agreed that the two notes should be set off, one against the other, so far as the smaller would pay the larger. It was *held*, that this agreement was executory and therefore was not an extinguishment of the smaller note.

A plea of tender is not supported by proof of a tender of a promissory note due from the plaintiff to the defendant.

ASSUMPSIT to recover the amount of an account annexed to the writ. Trial in the Common Pleas, before *Williams* J., upon the general issue and a plea of tender.

The action was prosecuted for the benefit of Cyrus Stockwell, to whom the nominal plaintiff, Cary, on January 21, 1832, being in failing circumstances, assigned the account for a valuable consideration.

The defendant filed in set-off an account against Cary for money had and received and money paid, and also filed, as evidence in support of the account, a note which he held against Cary, given to the defendant on March 19, 1831, by which Cary promised to pay the defendant or order, on demand, with interest, the sum of $25·54.

The defendant proved that before the commencement of this suit, on February 7, 1832, he tendered to Stockwell the above

Cary
*v.*
Bancroft

mentioned note, together with $4·75 in money, in full of the account sued. He did not, at the time of the tender, state to Stockwell the amount which he tendered, nor did Stockwell inquire as to the amount or examine the same ; but the defendant said that if he had not tendered enough he would produce enough.

The plaintiff introduced evidence tending to show, that on December 5, 1831, the defendant, at the plaintiff's store, gave the plaintiff a note on demand, with interest, for $34·08, and that the defendant not having with him his note against the plaintiff, it was then and there agreed between them, that the two notes should be set off one against the other, so far as the smaller would pay the larger.

The defendant then proved that the plaintiff, for a valuable consideration, in January, 1832, indorsed the note given to him by the defendant, to one Goddard, to whom the defendant paid the amount thereof before the tender above mentioned. It did not appear that the defendant, at the time of this payment, had notice of the assignment to Stockwell, of the account sued in this action.

Upon these facts the judge instructed the jury, that the tender was well made, and that the defendant had a right to have his account filed set off against the plaintiff's account sued.

The jury returned a verdict for the defendant, and the plaintiff filed his exceptions to the instructions of the judge.

*Oct. 4th.*  *Newton* and *Lincoln*, for the plaintiff, to show that the tender was insufficient, cited 5 Dane's Abr. 486 ; *Brady* v. *Jones*, 2 Dowl. & Ryl. 305 ; *Alexander* v. *Brown*, 1 Car. & Payne, 288 ; Roscoe on Evid. 262 ; *Strong* v. *Harvey*, 3 Bingh. 304 ; *Hallowell and Aug. Bank* v. *Howard*, 13 Mass. R. 236.

*Davis* and *Washburn*, for the defendant, cited in regard to the tender, *Wade's case*, 5 Co. 115 ; Bull. N. P. 155 ; 5 Dane's Abr. 485 ; 3 Stark. Evid. 1392 ; *Douglas* v. *Patrick*, 3 T. R. 683 ; *Breed* v. *Hurd*, 6 Pick. 357 ; and in regard to the set-off of the notes, *Sargent* v. *Southgate*, 5 Pick. 312 ; *Green* v. *Hatch*, 12 Mass. R. 195 ; *Field* v. *Nickerson*, 13 Mass. R. 131 ; *Dix* v. *Cobb*, 4 Mass. R. 511 ; *Jones* v. *Witter*, 13 Mass. R. 307.

SHAW C. J. delivered the opinion of the Court. In the first place we think it clear, that the agreement made between the plaintiff and defendant, at the time that the note for $ 34·08 was given, that that and the defendant's note for $ 25·54 should balance and be set off, one against the other, so far as the smaller would pay the larger, if available at all, was an executory contract, requiring some further act to be done, before the one would operate as payment or extinguishment *pro tanto* of the other. It is like an agreement not to sue, executory and collateral, not affecting the terms of the note till executed. *Dow* v. *Tuttle*, 4 Mass. R. 414. The note held by Cary against the defendant was then a good sub sisting negotiable note, and passed by the indorsement to Goddard, subject perhaps to Bancroft's set-off if Goddard received it with actual or constructive notice. But as Bancroft was indebted to Cary on another account, larger than the amount of the note he held against Cary, and had no notice that this account had been assigned to Stockwell, it cannot be considered that he paid the note to Goddard in his own wrong.

As the agreement above mentioned did not operate as payment or extinguishment, but left the note of Cary against Bancroft a good subsisting note, capable of passing by indorsement, so Bancroft's note was a good subsisting note, to avail by way of action or set-off as he might choose to apply it. Stockwell therefore took the assignment of Cary's account against Bancroft, subject to the right of the latter to set off this note ; to this extent therefore, it supported the defence.

But upon the other point, the Court are of opinion, that the plea of tender cannot be supported by the evidence. A plea of tender must show an unqualified offer to pay the whole amount, and of course admits the whole to be due. In this respect, it differs essentially from the payment of money into court, under a rule, which would have been the proper course in the present case. A plea of tender admits the amount due, and a readiness at all times to pay it. But a set-off, though to a certain extent it admits the plaintiff's claim, yet sets up a counter, independent demand and cause of action, as a legal reason why the defendant should not be held to pay it.

27 *

Cary
v.
Bancroft.

Besides, a man may withdraw his account in set-off, before judgment upon it, and bring a separate action upon it, and therefore tender or notice of set-off, did not extinguish the note, and the defendant was not bound by it. *Brady* v. *Jones*, 2 Dowl. & Ryl. 305.

*Verdict set aside and new trial granted.*